Graham, Judge,
delivered the opinion of the court:
This case involves a contract for dry-cleaning, pressing* resizing, and repairing articles of uniform clothing and *714 equipment. The contract, which is dated June 15,1918, contains, among other things, the following provision:
“ 1. That the contractor shall furnish the supplies and services, either or both, specified below, in the manner, at the rates or prices, at the place or places, and at the time or times during the period commencing with the first day of July, 1918, and ending with the 30th day of June, 1919, as follows:
* ££ That the contractor agrees to clean, dry-clean, press, re-size, and repair articles of uniform clothing and equipment to be furnished by the reclamation division at Camp MacArthur, Texas, * *
The period for performance was from July 1, 1918, to June 30, 1919. The contract was not to be approved until an appropriation adequate for its fulfillment had been made by Congress, and this appropriation was eventually made.
. It was the understanding between the parties before the contract was executed that the plaintiff should enlarge its plant so as to have sufficient capacity to do the work proposed. Without going into the details of the claim of the plaintiff, broadly it is based upon the contentions, first, that the defendant was obligated to reimburse the plaintiff for expenditures made in enlarging its plant; and, second, that the Government was under obligation to furnish a specific amount of work, namely, $120,000.
As to the first claim, it is only necessary to point out that there is nothing in the contract requiring the plaintiff to enlarge its plant on obligating the Government to pay for the cost of increased facilities. The understanding about the increase was had with the plaintiff before the contract was executed. If it intended to hold the Government responsible, it should have protected itself by a provision in the contract. This was not done, and there are no facts proven to justify the reformation of the contract on the ground of fraud, accident, or mutual mistake. The plaintiff can not recover for this portion of its claim.
As to the second contention, if it was the understanding of the parties before the contract was executed that the Government was to furnish plaintiff a specific amount of *715 laundry work, i. e., $120,000, it was for plaintiff to have such a provision placed in the contract. There is no clause to that effect in the contract, nor is there anything to show that it was omitted through fraud, accident, or mutual mistake. The contract provides only for work to be done on “uniform clothing and equipment to be furnished by the reclamation division ” at the camp. No quantities are named. The plaintiff is therefore not entitled to recover for any losses it sustained by reason of the failure of the Government to give it the amount of work claimed. We must enforce the contract as we find it. If the plaintiff has suffered loss by reason of acts upon the part of the Government for which the contract does not make the latter liable, it has only itself to blame for not having provided in the contract against such loss.
This case is ruled in principle by Cocke v. United States, ante, p. 108.
The petition should be dismissed, and it is so ordered.
Moss, Judge; Hat, Judge; Booth, Judge; and Campbell, Chief Justice, concur.